Carlos Makoto Taitano, State Bar No. 275820
 makoto@taitano.us.com
MFPR Roppongi Azabudai Bldg. 11th Floor
1-8-7 Roppongi
Minato-ku, Tokyo 106-0032 Japan
Telephone:    81 80 8081 6527
Facsimile:     81 3 6234 1586

Attorney for Applicant
Mitsuki Kumada

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Ex Parte Application of | Case Number: 22-mc-80095 |
| Mitsuki Kumada, | **DECLARATION OF KAZUYUKI YASUHO IN SUPPORT OF MITSUKI KUMADA'S *EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 AUTHORIZING DISCOVERY FOR USE IN FOREIGN PROCEEDINGS** |
| Applicant. | |

I, Kazuyuki Yasuho, declare as follows:

1.      I am a Japan qualified attorney (b*engoshi* in Japanese), registered to practice law in Japan, and I am a sole proprietor *doing business as*, and I am the principal lawyer at, The Law Office of Kazuyuki Yasuho. My office is located at Miz Bldg. 6th Floor, 2-3-25 Marunouchi, Naka-ku, Nagoya-shi, Aichi-ken 460-0002 Japan.

2.      I have personal knowledge of each matter stated herein.

3.      I submit this declaration in support of Mitsuki Kumada (the "**Applicant**")'s *Ex Parte* Application for an Order Pursuant to 28 U.S.C. § 1782 Authorizing Discovery for Use in Foreign Proceedings (the "**Application**").

4.      I was consulted by and advised the Applicant, who is *doing business as* Kumada Eye Clinic (the "**Clinic**"), about filing civil lawsuits against, and to do so,

discovering the true identities of, four anonymous individuals (the "**Anonymous Individuals**") who used Google Accounts to damage the Clinic. Among the Google Accounts are the two Google Accounts with the display names of "*Watanabe Nozomi*" ("渡辺希" in Japanese) and "*Muto Hiroshi*" ("武藤寛" in Japanese) (collectively, the "**Subject Two Reviewer Google Accounts**") that published reviews and one star ratings of the Clinic to Google Maps (the "**Subject Reviews**"), a Google Account with the display name of "*m NAGASE*" (the "**Subject One Star Google Account**") that posted a one star rating without a descriptive review of the Clinic to Google Maps (the "**Subject One Star Rating**"), and a Google Account, which display name is unknown (the "**Location Changing Google Account**", and collectively with the Subject Two Reviewer Google Accounts and the Subject One Star Google Account, the "**Subject Google Accounts**"), that added a location of the Clinic to Google Maps (the "**Location Edit**").

5.　　Based upon the Statement of Information of Google LLC ("**Google**") filed and dated March 24, 2021, the principal office of Google is located at 1600 Amphitheatre Parkway, Mountain View, California 94043. Attached as **Exhibit 1** is a true and correct copy of the Statement of Information of Google filed and dated March 24, 2021 obtained from the California Secretary of State website at: https://businesssearch.sos.ca.gov/Document/RetrievePDF?Id=201727810678-30191227.

6.　　The Applicant has informed me that he would like to and intends to file civil lawsuits in Japan claiming tort damages against the Anonymous Individuals for damaging the reputation of the Clinic and interfering with the business of the Clinic pursuant to Articles 709 and 710 of the Civil Code of Japan.

7.　　Article 709 of the Civil Code provides as follows:

> **(Damages in Torts)**
> Article 709. A person who has intentionally or negligently infringed any right of others, or legally protected interest of

**In re Ex Parte Application of Mitsuki Kumada**
Declaration of Kazuyuki Yasuho

others, shall be liable to compensate any damages resulting as a consequence.

Minpō [Civ. C.] 2006, art. 709 (Japan).

8.   Article 710 of the Civil Code provides as follows:

**(Compensation for Damages Other than Property)**
Article 710. Persons liable for damages under the provisions of the preceding Article must also compensate for damages other than those to property, regardless of whether the body, liberty or reputation of others have been infringed, or property rights of others have been infringed.

Minpō [Civ. C.] 2006, art. 710 (Japan).

9.   Based upon my experience as a lawyer qualified to practice law in Japan, the Applicant will be able to make out a prima facie case because the Subject Reviews and the Location Edit meet the elements of a tort under Articles 709 and 710, and therefore, the civil lawsuits that will be filed upon discovering the true identity of the Anonymous Individuals will withstand a motion to dismiss in a Japanese civil court.

10.   No statute of limitation or other limitation in time to commence an action will prevent the Applicant from filing civil lawsuits against the Anonymous Individuals.

11.   In order to file a civil lawsuit in Japan, the true identity of a defendant is necessary, because Japanese law does not allow for lawsuits to be filed against anonymous persons. As such, the Applicant is unable to file the civil lawsuits pursuant to Articles 709 and 710 because the true identities of the Anonymous Individuals are unknown.

12.   The Applicant is seeking personal identifying information ("**PII**") for the Anonymous Individuals through the discovery sought by the Application in order to identify the true identity of the Anonymous Individuals to file civil lawsuits against the Anonymous Individuals.

13.   Google is not, and will not be, a party or participant to the anticipated Japanese civil lawsuits described above and the information or documents sought through discovery are held by Google in the United States, and therefore, the information or documents sought through discovery are outside the reach of a Japanese court's jurisdiction.

**In re Ex Parte Application of Mitsuki Kumada**
Declaration of Kazuyuki Yasuho

14.     Based upon my experience as a lawyer qualified to practice law in Japan, I am not aware of any restrictions imposed by or any policies under Japanese law limiting U.S. federal court judicial assistance for the purposes herein and in the Application.

15.     Based upon my experience as a lawyer qualified to practice law in Japan, Japanese courts are receptive to assistance in discovery by U.S. federal courts, including for discovery of PII of individuals posting anonymous online reviews.

16.     The Applicant is not attempting to circumvent any foreign proof-gathering restrictions or other policies of Japan or the United States.

17.     The Applicant is seeking information concerning the Google Ads account or any other accounts that are controlled by Google that the Subject Google Accounts are used to login with, because based upon my experience, even where a person has not indicated their true PII in their Google Account, they may have indicated their true PII in their Google Ads account or other accounts that they login to using their Google Account.

18.     The following is the reason why access log (dates, times, and IP addresses) of the Subject Google Accounts (the "**Recent Access Log**") is necessary, in addition to other PII, to identify the Anonymous Individuals:

(a)     When the tortfeasor, the Anonymous Individuals in this case, accesses the internet to access Google Maps or to access his or her Google Account, the tortfeasor's electronic device (e.g., their laptop or smartphone) initially communicates with an ISP[1]. Subsequently, the ISP communicates with a company providing online services (the "**Online Service Provider**"), in our case Google which provides the Google Account and Google Maps services, whereby the tortfeasor is able to access his or her Google Account or Google Maps.

---

[1] ISP stands for Internet Service Provider, and is an entity that provides internet access services to users, and examples of ISPs are AT&T and Verizon.

**In re Ex Parte Application of Mitsuki Kumada**
Declaration of Kazuyuki Yasuho

(b)      In each communication, information such as an IP address and a time stamp (the time when the specific communication occurred) may have been recorded. These records are commonly known as an "access log."

(c)      The ISP assigns an IP address to the tortfeasor when providing the tortfeasor with internet access. Therefore, the ISP is able to identify the tortfeasor using the access log because it has a record of to whom it assigned a certain IP address at a certain time.

(d)      The ISP may assign a different IP address every time that a tortfeasor accesses the internet. Therefore, in order to identify a tortfeasor by using an IP address, the time and date that the person was accessing the internet using the specific IP address is necessary.

(e)      Initially, a victim of an unlawful act on the internet, such as the Clinic, does not know the ISP of the tortfeasor. Therefore, the victim needs for the Online Service Provider to disclose the access log in its possession. The Recent Access Log sought by the subpoena is seeking this information from Google.

(f)      By obtaining the IP address from the Online Service Provider, the victim is able to identify the ISP used by the tortfeasor, because IP addresses are owned by ISPs, and the IP addresses owned by each ISP is publicly available information.

(g)      By identifying the ISP used by the tortfeasor, the victim can provide the access log (the IP address and timestamp) to the ISP and request information such as the name and address of the tortfeasor from the ISP to identify the tortfeasor in order to file the civil lawsuit against the tortfeasor.

(h)      In many cases, the Online Service Provider does not have accurate PII that is sufficient to identify the true identity of the tortfeasor because the Online Service Provider does not require the tortfeasor to record his or her true name, address, e-mail address, telephone number, or any other PII, which

**In re Ex Parte Application of Mitsuki Kumada**
Declaration of Kazuyuki Yasuho

information must each be voluntarily provided by the tortfeasor. Where the tortfeasor created the Google Account to damage the reputation of the victim, because the PII is voluntary, most of the information obtained about the Google Account may be fictitious. For this reason, in many cases, the access log obtained from the Online Service Provider is the information that will lead to the victim identifying the true identity of the tortfeasor.

(i)     Ideally, if the Online Service Provider keeps a complete access log indefinitely, a victim can more readily identify the tortfeasor. However, in practice, sufficient access log is not available because (i) the Online Service Provider does not record a complete access log for all communications, (ii) the Online Service Provider only keeps the access log for a short period of time (usually for three to six months); and (iii) a tortfeasor can use special anonymization computer programs to prevent the victim from identifying the tortfeasor through the use of the access log.

(j)     Because the access log is deleted by the Online Service Provider after several months, the more recent access log is critical.

(k)     The tortfeasor may be accessing the internet and the Online Service Provider using the anonymization computer program at times, but may have the program off at other times.

(l)     For the foregoing reasons, more recent access log for a reasonable period of time is necessary because (i) the Online Service Provider may have not recorded a complete access log if discovery is limited to a short period of time, (ii) older access log has likely been deleted, and (iii) there is a possibility that the tortfeasor may have had his or her anonymization computer program turned off. If discovery is allowed only for a short period of time, and for only older access log, for the foregoing reasons, it will be less likely that the victim will be able to obtain information sufficient to identify the true identity of the tortfeasor.

**In re Ex Parte Application of Mitsuki Kumada**
Declaration of Kazuyuki Yasuho

(m)     Therefore, for the foregoing reasons, it is reasonable to allow discovery of recent access log, and to not limit discovery to the period at or about the time that the unlawful review was posted.

19.     In order for the Clinic to identify the Anonymous Individuals through the ISP using an IP address, both the IP address and a corresponding timestamp is necessary. Without a corresponding timestamp, a Japanese court will not order a Japanese ISP to disclose information, and a Japanese ISP will be unable to pin-point the tortfeasor that was using the IP address at a certain point-in-time. Based upon my experience as a lawyer qualified to practice law in Japan, attached as **Exhibit 2** is a typical attachment to a Japanese court order, ordering a Japanese ISP to disclose PII for a tortfeasor.

20.     A timestamp only shows when a person accessed their Google Account using a specific IP address, and does not disclose what the person was doing using their Google Account, and therefore, discovery of a timestamp only minimally intrudes upon a person's privacy. Therefore, the evidentiary value of a timestamp in allowing the victim to identify the tortfeasor far outweighs any privacy issues.

21.     Finally, PII (other than the Recent Access Log) ever registered with the Subject Google Accounts is necessary, because based upon my experience as a lawyer qualified to practice law in Japan, the Anonymous Individuals may have not planned to damage the Clinic until a time close to when the Subject Reviews were posted, and as such, it is more likely that the Anonymous Individuals may have used their true identities until a time close to when the Subject Reviews were posted. Recent PII is also relevant and necessary, because the Anonymous Individuals may have not changed PII that is not displayed publicly. Furthermore, the discovery of PII requested is not unduly intrusive, because this information is narrowly tailored to discover the true identities of the Anonymous Individuals and is not seeking irrelevant information. Furthermore, based upon my experience, where a Google Account is used for a legitimate purpose, PII

**In re Ex Parte Application of Mitsuki Kumada**
Declaration of Kazuyuki Yasuho

is only changed occasionally, and because this information is stored by Google in the ordinary course of its business, and because Google charges a fee for the retrieval of this information through discovery, the burden placed upon Google in disclosing this information is minimal.

22.     Based upon the foregoing, the information and documents sought from Google are highly relevant and crucial to the Applicant's anticipated civil lawsuits in Japan and are narrowly tailored and limited to the discovery of information necessary to identify the true identities of the Anonymous Individuals against whom the civil lawsuits will be filed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 19, 2022.



_____

KAZUYUKI YASUHO

**In re Ex Parte Application of Mitsuki Kumada**
Declaration of Kazuyuki Yasuho

**Secretary of State**
**Statement of Information**
(Limited Liability Company)

**LLC-12**

**21-B63047**

**FILED**

In the office of the Secretary of State
of the State of California

**MAR 24, 2021**

**This Space For Office Use Only**

**IMPORTANT — Read instructions before completing this form.**

**Filing Fee – $20.00**

**Copy Fees –** First page $1.00; each attachment page $0.50;
Certification Fee - $5.00 plus copy fees

**1. Limited Liability Company Name** (Enter the exact name of the LLC.  If you registered in California using an alternate name, see instructions.)

GOOGLE LLC

| **2.  12-Digit Secretary of State File Number** | **3.   State, Foreign Country or Place of Organization** (only if formed outside of California) |
|---|---|
| 201727810678 | DELAWARE |

**4.  Business Addresses**

| a. Street Address of Principal Office - Do not list a P.O. Box | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| 1600 Amphitheatre Parkway | Mountain View | CA | 94043 |
| b. Mailing Address of LLC, **if different than item 4a** | City (no abbreviations) | State | Zip Code |
| 1600 Amphitheatre Parkway | Mountain View | CA | 94043 |
| c. Street Address of **California** Office, if Item 4a is not in California - Do not list a P.O. Box | City (no abbreviations) | State | Zip Code |
| 1600 Amphitheatre Parkway | Mountain View | CA | 94043 |

**5.  Manager(s) or Member(s)**

If no **managers** have been appointed or elected, provide the name and address of each **member**. At least one name **and** address must be listed. If the manager/member is an individual, complete Items 5a and 5c (leave Item 5b blank).  If the manager/member is an entity, complete Items 5b and 5c (leave Item 5a blank).  Note:  The LLC cannot serve as its own manager or member.  If the LLC has additional managers/members, enter the name(s) and addresses on Form LLC-12A (see instructions).

| a. First Name, if an individual - Do not complete Item 5b | Middle Name | Last Name | Suffix |
|---|---|---|---|
| | | | |

| b. Entity Name - Do not complete Item 5a |
|---|
| XXVI Holdings Inc. |

| c. Address | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| 1600 Amphitheatre Parkway | Mountain View | CA | 94043 |

**6.  Service of Process** (Must provide either Individual OR Corporation.)

**INDIVIDUAL –** Complete Items 6a and 6b only.  Must include agent's full name and California street address.

| a. California Agent's First Name (if agent is **not** a corporation) | Middle Name | Last Name | Suffix |
|---|---|---|---|
| | | | |

| b. Street Address (if agent is **not** a corporation) - **Do not enter a P.O. Box** | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| | | CA | |

**CORPORATION –** Complete Item 6c only.  Only include the name of the registered agent Corporation.

| c. California Registered Corporate Agent's Name (if agent is a corporation) – Do not complete Item 6a or 6b |
|---|
| CORPORATION SERVICE COMPANY WHICH WILL DO BUSINESS IN CALIFORNIA        AS CSC - LAWYERS INCORPORATING SERVICE (C1592199) |

**7.  Type of Business**

| a. Describe the type of business or services of the Limited Liability Company |
|---|
| technology company |

**8.  Chief Executive Officer, if elected or appointed**

| a. First Name | Middle Name | Last Name | Suffix |
|---|---|---|---|
| Sundar | | Pichai | |

| b. Address | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| 1600 Amphitheatre Parkway | Mountain View | CA | 94043 |

**9.  The Information contained herein, including any attachments, is true and correct.**

| 03/24/2021 | Kenneth H. Yi | Assistant Secretary | |
|---|---|---|---|
| Date | Type or Print Name of Person Completing the Form | Title | Signature |

**Return Address (Optional)** (For communication from the Secretary of State related to this document, or if purchasing a copy of the filed document enter the name of a person or company and the mailing address. This information will become public when filed. SEE INSTRUCTIONS BEFORE COMPLETING.)

Name:

Company:

Address:

City/State/Zip:

**Exhibit 1**

別　紙

発信者情報目録

5　別紙発信端末目録記載の各アイ・ピー・アドレスを，同目録記載の各発信時刻頃に使用した者の情報であって，次に掲げるもの。

1　氏名又は名称

2　住所

以　上

10

**Exhibit 2**