UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF MITSUKI KUMADA,<br><br>Applicant. | Case No. 22-mc-80095-VKD<br><br>**ORDER FOR REASSIGNMENT TO A DISTRICT JUDGE**<br><br>**REPORT AND RECOMMENDATION RE EX PARTE APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782**<br><br>Re: Dkt. No. 1 |

Applicant Mitsuki Kumada has filed an ex parte application for an order pursuant to 28 U.S.C. § 1782 authorizing service of a subpoena for documents on Google LLC ("Google"). Dkt. No. 1. Although the proposed subpoena is directed to Google, Dr. Kumada says he will use the subpoena to obtain information about the user(s) of certain Google accounts. *See* Dkt. No. 1 at 2-3.

Because Dr. Kumada's application is a dispositive matter, a magistrate judge may not decide the matter without the consent of all parties. *CPC Pat. Techs. Pty Ltd. v. Apple, Inc.*, — F.4th —, No. 21-16212, 2022 WL 1562158, at *6 (9th Cir. May 18, 2022). Because the undersigned magistrate judge does not have the consent of all parties, the Clerk of the Court is directed to reassign this action to a district judge, with the following report and recommendation that the application be granted as modified.

# REPORT AND RECOMMENDATION

## I. BACKGROUND

According to the application, Dr. Kumada is the owner of an ophthalmology clinic called "Kumada Eye Clinic" in Gifu, Japan. Dkt. No. 1 at 1. Dr. Kumada says that sometime before September 14, 2020 an individual using a Google account with an unknown name, added an incorrect location for his clinic, without the clinic's permission. Dkt. No. 1 at 3; Dkt. No. 1-1 ¶ 15. Dr. Kumada further states that in April and June 2021, two anonymous individuals using Google accounts with the names "Muto Hiroshi" and "Watanabe Nozomi" posted negative, one-star reviews on the Google Maps review page associated with the clinic. Dkt. No. 1 at 2-3; Dkt. No. 1-1 ¶¶ 12-14, Ex. 1 (Japanese original); Dkt. No. 1-3, Ex. A (English translation). Dr. Kumada says that in June 2021, a fourth individual using a Google account with the name "m NAGASE" posted a one-star rating, without a descriptive review, on the clinic's review page. Dkt. No. 1 at 3; Dkt. No. 1-1 ¶ 14, Ex. 1.

Dr. Kumada believes that because the additional information regarding his clinic's location points to a site near to a different ophthalmology clinic, a competitor edited the location to confuse Dr. Kumada's patients and prevent them from finding his clinic's correct location. Dkt. No. 1 at 3; Dkt. No. 1-1 ¶¶ 18, 20. Dr. Kumada also believes that a competitor of his clinic posted the subject negative ratings and reviews because they were all posted at around the same time. Dkt. No. 1 at 3; Dkt. No. 1-1 ¶ 19. Dr. Kumada contends that the location edit was made to interfere with his business, that the negative ratings and review are defamatory, and that he intends to file a lawsuit in Japan against the Google account user(s) for defamation and for interference with business . Dkt. No. 1 at 4; Dkt. No. 1-1 ¶¶ 22-23; Dkt. No. 1-2 ¶ 6. Dr. Kumada requests permission to serve a subpoena on Google for four categories of documents (discussed below) seeking personal identifying information ("PII") "such as names, addresses, telephone numbers, and e-mail addresses, or information that will lead to the discovery of PII such as access log (the IP address and timestamp) for very limited periods of time, which information is stored by Google in the ordinary course of its business." Dkt. No. 1 at 10; Dkt. No. 1-2 ¶¶ 17-21.

Dr. Kumada's application relies on his own declaration, as well as the declaration of

1  Kazuyuki Yasuho, an attorney licensed in Japan.  Dkt. Nos. 1-1, 1-2.

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1782, a district court may order the production of documents or testimony for use in a foreign legal proceeding, unless the disclosure would violate a legal privilege.  28 U.S.C. § 1782(a); *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 246–47 (2004).  The statute may be invoked where: (1) the discovery is sought from a person residing in the district of the court to which the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the applicant is a foreign or international tribunal or an "interested person." *Intel*, 542 U.S. at 246.

A district court is not required to grant an application that meets the statutory criteria, but instead retains discretion to determine what discovery, if any, should be permitted. *Id.* at 264.  In exercising that discretion, the court considers several factors:

(1) whether "the person from whom discovery is sought is a participant in the foreign proceeding";

(2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance";

(3) whether the discovery request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and

(4) whether the discovery requested is "unduly intrusive or burdensome."

*Id.* at 264-65.

A district court's discretion is guided by the twin aims of § 1782: providing efficient assistance to participants in international litigation, and encouraging foreign countries by example to provide similar assistance to U.S. courts. *Schmitz v. Bernstein Liebhard & Lifshitz LLP*, 376 F.3d 79, 84 (2d Cir. 2004).  The party seeking discovery need not establish that the information sought would be discoverable under the governing law in the foreign proceeding or that United States law would allow discovery in an analogous domestic proceeding. *See Intel*, 542 U.S. at 247, 261-63.

3

1    Applications brought pursuant to 28 U.S.C. § 1782 typically are considered on an ex parte
2    basis, since "'parties will be given adequate notice of any discovery taken pursuant to the request
3    and will then have the opportunity to move to quash the discovery or to participate in it.'" *IPCom*
4    *GmbH & Co. KG v. Apple, Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014) (quoting *In re Republic*
5    *of Ecuador*, No. C10-80225 MISC CRB (EMC), 2010 WL 3702427, at *2 (N.D. Cal. Sept. 15,
6    2010)). "Consequently, orders granting § 1782 applications typically only provide that discovery
7    is 'authorized,' and thus the opposing party may still raise objections and exercise its due process
8    rights by challenging the discovery after it is issued via a motion to quash, which mitigates
9    concerns regarding any unfairness of granting the application *ex parte*." *In re Varian Med. Sys.*
10   *Int'l AG*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *2 (N.D. Cal. Mar. 24, 2016).

Unless the district court orders otherwise, the discovery the court authorizes must be obtained in accordance with the Federal Rules of Civil Procedure. 28 U.S.C. § 1782(a); *In re Letters Rogatory from Tokyo Dist. Prosecutor's Office, Tokyo, Japan*, 16 F.3d 1016, 1020 (9th Cir. 1994).

### III.  DISCUSSION

#### A.  Statutory Requirements

Dr. Kumada's application satisfies the statutory requirements of 28 U.S.C. § 1782(a). First, the subpoena seeks discovery from Google, which has its principal places of business in the Northern District of California. Second, Dr. Kumada requests this discovery for use in a civil action for defamation and for interference with business that he says he will file in Japan as soon as he learns the identity of the Google account user(s) responsible for posting the incorrect location information and the negative ratings and reviews. Dkt. No. 1 at 4. Crediting that assertion, this proceeding before a foreign tribunal appears to be within reasonable contemplation. *See Intel*, 542 U.S. at 259 (adjudicative proceedings need not be pending or imminent, so long as they are within reasonable contemplation). Third, Dr. Kumada, as the putative plaintiff in the contemplated civil action, is an interested person within the meaning of the statute.

4

### B. *Intel* Factors

Even if the Court has the authority to grant Dr. Kumada's § 1782 application, that does not mean the Court is required to do so. *Intel*, 542 U.S. at 247. In determining whether judicial assistance under § 1782 is appropriate, the Court must consider the additional *Intel* factors.

#### 1. Participation of target in the foreign proceeding

Although this factor addresses whether the person from whom discovery is sought is a party to the foreign proceeding, "the key issue is whether the material is obtainable through the foreign proceeding." *In re Varian Med. Sys.*, 2016 WL 1161568, at *3 (internal quotations and citation omitted).

According to the application, Google will not be a party to the civil action Dr. Kumada plans to bring in Japan, and the documents Dr. Kumada seeks by subpoena are located in the United States. Dkt. No. 1 at 7; Dkt. No. 1-2 ¶ 13. Dr. Kumada contends that such evidence is outside the reach of the Japanese courts' jurisdiction. Dkt. No. 1 at 8; Dkt. No. 1-2 ¶ 13. In these circumstances, the need for assistance pursuant to § 1782(a) is greater than it would be in circumstances where the foreign tribunal may order parties appearing before it or third parties within its jurisdiction to produce evidence. *Intel*, 542 U.S. at 264. The Court finds that this factor weighs in favor of authorizing service of the subpoena.

#### 2. Receptivity of foreign tribunal to U.S. judicial assistance

Under this factor, the Court considers "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264. "This factor focuses on whether the foreign tribunal is willing to consider the information sought." *In re Varian Med. Sys.*, 2016 WL 1161568, at *4. "[I]f there is reliable evidence that the foreign tribunal would not make any use of the requested material, it may be irresponsible for the district court to order discovery, especially where it involves substantial costs to the parties involved." *Id.* (internal quotations and citation omitted). Courts have denied requests for discovery where the foreign tribunal or government expressly says it does not want the U.S. federal court's assistance under § 1782. *See, e.g.*, *Schmitz*, 376 F.3d at 84-85 (affirming the denial of discovery where the

1  German government expressly objected to the information sought due to concerns that it would
2  jeopardize an ongoing German criminal investigation, as well as German sovereign rights); *In re*
3  *Ex Parte Appl. of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1040-41 (N.D. Cal. 2016) (concluding
4  that this *Intel* factor weighed heavily against discovery where the Korean Fair Trade Commission
5  filed an amicus brief stating that it had no need or use for the requested discovery).

Here, Dr. Kumada's Japanese counsel attests that he is "not aware of any restrictions imposed by or any policies under Japanese law limiting U.S. federal court judicial assistance for the purposes herein and in the Application." Dkt. No. 1-2 ¶ 14. Additionally, counsel states that based on his "experience as a lawyer qualified to practice law in Japan, Japanese courts are receptive to assistance in discovery by U.S. federal courts, including discovery of PII of individuals posting anonymous online reviews." *Id*. ¶ 15.

In the absence of evidence that a Japanese court would object to Dr. Kumada's obtaining and using the information sought in the subpoena, or that it would object more generally to the judicial assistance of U.S. federal courts, the Court concludes that this factor weighs in favor of authorizing service of the subpoenas.

### 3. Circumvention of proof-gathering restrictions

Under this factor, the Court considers whether Dr. Kumada's request for discovery "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 265. "'A perception that an applicant has 'side-stepped' less-than-favorable discovery rules by resorting immediately to § 1782 can be a factor in a court's analysis.'" *In re Varian Med. Sys.*, 2014 WL 1161568, at *5 (quoting *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. C07-5944-SC, 2013 WL 183944, at *3 (N.D. Cal. Jan. 17, 2013)). Courts have found that this factor weighs in favor of discovery where there is "nothing to suggest that [the applicant] is attempting to circumvent foreign proof-gathering restrictions." *In re Google, Inc.*, No. 14-mc-80333-DMR, 2014 WL 7146994, at *3 (N.D. Cal., Dec. 15, 2014); *see also In re Eurasian Natural Resources Corp. Ltd.*, No. 18-mc-80041-LB, 2018 WL 1557167, at *3 (N.D. Cal., Mar. 30, 2018) (finding that the third *Intel* factor weighed in favor of discovery where there was "no evidence" of an attempt to circumvent foreign proof-gathering

restrictions or policies).

As noted above, Dr. Kumada's Japanese counsel attests that he is aware of no restrictions or policies under Japanese law that would limit the gathering of the evidence Dr. Kumada seeks here. Dkt. No. 1-2 ¶14. Additionally, he states that Dr. Kumada "is not attempting to circumvent any foreign proof-gathering restrictions or other policies of Japan or the United States." *Id*. ¶ 16. In the absence of contrary information regarding the procedures acceptable to the Japanese courts for obtaining the information Dr. Kumada seeks from Google, the Court concludes that this factor also weighs in favor of authorizing service of the subpoena.

### 4. Unduly burdensome or intrusive discovery

Under this factor, the Court considers whether the discovery is sought is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265. Dr. Kumada's proposed subpoena seeks four categories of documents:

> 1. ALL DOCUMENTS showing the following information ever registered with EACH ACCOUNT:
>
>     (i) names;
>
>     (ii) physical, billing, shipping, or ALL other addresses;
>
>     (iii) recovery, authentication, or ALL other e-mail addresses;
>
>     (iv) recovery, authentication, or ALL other telephone numbers
>
>     (v) ALL names and addresses of ALL credit cards registered to EACH ACCOUNT (but not the credit card number, expiration date, or card validation code);
>
>     (vi) ALL names, addresses, e-mail addresses, telephone numbers, and names of the payment methods (such as PayPal), for ALL non-credit card payment methods registered to EACH ACCOUNT.
>
> 2. ALL DOCUMENTS showing the following information as of the date that EACH ACCOUNT was created, and for the three-month period immediately preceding April 9, 2022 and until the date that you respond to this request: ALL access log (dates, times, and IP addresses) of EACH ACCOUNT.
>
> 3. ALL DOCUMENTS showing the following information ever registered with ALL Google Ads accounts or ALL other accounts that are controlled by you that EACH ACCOUNT has ever been used to login with (the "OTHER ACCOUNTS"):

> (i) names;
>
> (ii) physical, billing, shipping, or any other addresses;
>
> (iii) recovery, authentication, or any other e-mail addresses;
>
> (iv) recovery, authentication, or any other telephone numbers;
>
> (v) ALL names and addresses of ALL credit cards registered to ALL of the OTHER ACCOUNTS (but not the credit card number, expiration date, or card validation code);
>
> (vi) ALL names, addresses, e-mail addresses, telephone numbers, and names of the payment methods (such as PayPal), for ALL non-credit card payment methods registered to ALL of the OTHER ACOUNTS; and
>
> (vii) the type of ALL of the OTHER ACCOUNTS (such as a Google Ads account).
>
> 4. ALL DOCUMENTS showing the following information as of the date that ALL of the OTHER ACCOUNTS were created, and for the three-month period immediately preceding April 9, 2022 and until the date that you respond to this request: ALL access log (dates, times, and IP addresses) of ALL of the OTHER ACCOUNTS.

Dkt. No. 1, Ex. B at 2-3.

Dr. Kumada's proposed subpoena appropriately does not seek the content of any communications associated with the accounts at issue. *See, e.g., Optiver Australia Pty. Ltd. v. Tibra Trading Pty. Ltd.*, No. C 12-80242 EJD (PSG), 2013 WL 256771, at *2-3 (N.D. Cal. Jan. 23, 2013) (discussing prohibitions of Stored Communications Act, 18 U.S.C. § 2701 *et seq.*). Nor does it request the users' credit card numbers, expiration dates, or validation codes.

Dr. Kumada does not say whether the information he seeks is confidential to the account users at issue, but the Court assumes that it is. For the reasons discussed above, some degree of disclosure of such information is warranted. Dr. Kumada has shown sufficient need for IP addresses associated with the Google accounts (particularly if the PII provided for the accounts might be false) and for information regarding the times when those IP addresses were used to access the accounts. Dkt. No. 1-2 ¶¶ 18(h), 19. In addition, Dr. Kumada has demonstrated a need for more recent access logs based on information suggesting Google may systematically delete access logs after several months. *Id.* ¶¶ 18(i)-(k). But Dr. Kumada's broad-ranging requests for all potentially identifying information is overbroad. Moreover, the requests for "access logs" and

8

1    login history from the accounts, spanning three months before the application to the date of

2    Google's response to the subpoena, is not adequately justified.  Accordingly, this Court finds that

3    Dr. Kumada should be permitted to serve a subpoena on Google, subject to the following

4    modifications:  the subpoena may request only (1) documents sufficient to identify all names and

5    contact information for the Google user(s) at issue, rather than all documents containing

6    duplicative instances of that information; and (2) documents sufficient to identify each IP address

7    used to access the account(s) and the dates and times at which each was used during the period of

8    time the account users posted negative ratings and reviews or added information regarding the

9    Clinic's location (*i.e.*, September 2020 through June 2021) and for the 60-day period preceding

10   Google's response to the subpoena.  *See In re Anahara*, No. 22-mc-80063-JCS, 2022 WL 783896,

11   at *4 (N.D. Cal. Mar. 15, 2022) (imposing limitations on subpoena).

## IV.   CONCLUSION

Dr. Kumada's application meets the statutory criteria for an order authorizing service of the proposed subpoenas.  In addition, the factors that inform a court's exercise of discretion under *Intel* also favor authorizing service of the subpoena, with some modification as discussed above.

The Court ORDERS the Clerk of Court to reassign this matter to the district judge who was the general duty district judge on the date Dr. Kumada's application was filed.  For the reasons explained above, the Court RECOMMENDS that Dr. Kumada's application be granted as modified.

Further, the Court RECOMMENDS that the district judge to whom the matter is reassigned include the following direction in the order finally disposing of this application:

"This order does not foreclose a motion to quash or further modify the subpoena by Google following service or by the Google account holder or account user whose identifying information is sought.  The Court orders Dr. Kumada and Google to comply with the following requirements to ensure all interested persons have an opportunity to contest the subpoena if they wish:

1. At the time of service of the subpoena, Dr. Kumada must also serve a copy of this order on Google.

2. Within 10 calendar days of service of the subpoena and this order, Google shall notify the account holder(s) or account user(s) within the scope of the subpoena that their identifying information is sought by Dr. Kumada, and shall serve a copy of this order on each such person.

3. Google and/or any person whose identifying information is sought may, within 21 days from the date of the notice, file a motion in this Court contesting the subpoena (including a motion to quash or modify the subpoena).

4. Alternatively, any person whose identifying information is sought may, within 21 days from the date of the notice, advise Google in writing of any objections he or she has to disclosure of the information and the bases for any such objections. Within 10 days of receipt of any such objections, Google shall so advise the Court.

5. If any person contests the subpoena or objects to any portion of it, Google shall preserve, but not disclose, the information sought by the subpoena pending resolution of that contest or objection.

6. Any information Dr. Kumada obtains pursuant to the subpoena may be used only for purposes of the anticipated action for defamation, and Dr. Kumada may not release such information or use it for any other purpose, absent a Court order authorizing such release or use."

Any party may serve and file objections to this report and recommendation within 14 days after being served. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Civ. L.R. 72-3.

Dated: June 2, 2022

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge